UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE APPLICATION OF WINCENT
INVESTMENT FUND PCC LIMITED,

Applicant.

Case No.

**EX PARTE APPLICATION TO OBTAIN DISCOVERY FOR USE
IN FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782
AND INCORPORATED MEMORANDUM OF LAW**

Wincent Investment Fund PCC Limited ("Wincent") of Gibraltar applies to this Court *ex parte* for an order permitting targeted discovery from BAM Trading Services, Inc. d/b/a Binance.US ("Binance"), located in this District, for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. The cryptocurrency exchange XT.com misappropriated Wincent's funds. Wincent believes that XT.com has a Binance account. Wincent is unaware of the identity of the owners and operators of XT.com, which has concealed that information. Wincent therefore applies for permission to serve on Binance the subpoena attached to the proposed order submitted with this application to obtain information that will enable Wincent to identify and take legal action against the parties that are responsible for misappropriating Wincent's funds.

## I. FACTUAL BACKGROUND

### A. Wincent's and Wincent's Cryptocurrency Market-Making on XT.com.

Wincent, a protected cell company governed by the Protect Cell Companies Act 2001 organized under the laws of Gibraltar with its head office in Gibraltar, is a high frequency trading algorithmic market maker. *See* Declaration of Luke McMorrow ("McMorrow Decl.") ¶ 2.

In September 2023, Wincent was market-making on the UAE registered cryptocurrency exchange "XT.com." *Id.* at ¶ 3. In the context of cryptocurrency, a market maker facilitates the buying and selling of digital assets by providing liquidity to both sides of the market by continuous buy and sell orders. *Id.* at ¶ 2.

Cryptocurrency traders enter into futures contracts, and an exchange will liquidate their positions under those contracts (*i.e.*, forcibly close them) if the trader does not have sufficient margin in their account. *Id.* at ¶ 4. The trigger for liquidation is the mark price falling below a predetermined liquidation price. *Id.* The mark price is a theoretical estimate of a cryptocurrency's fair value at any given time and is determined by a formula that incorporates several factors and differs between exchanges. *Id.*

On September 17, 2023, Wincent held two short futures positions in MULTI/USDT (a cryptocurrency pegged to the US dollar) on XT.com in the amounts of 54,877 MULTI and 41,907 MULTI. *Id.* at ¶ 5. The Exchange incorrectly force-liquidated these positions due to improper calculation of the mark price, causing substantial losses of 555,492 USDT and 430,730 USDT, along with additional liquidation fees. *Id.*

Wincent believes XT.com misappropriated approximately $900,000 of its funds in September 2023 by deliberately applying an incorrect mark price formula to liquidate Wincent positions. *Id.* at ¶ 6. In September 2023, Wincent contacted XT.com via both Telegram and its chat function to alert them to the improper calculation of the mark price formula, warning them that the application of the incorrect mark price formula would lead to increased liquidations for users. *Id.* at ¶ 7. But XT.com misapplied the mark price formula and liquidated Wincent's positions later that month. *Id.* Wincent then initiated complaint procedures with XT.com through the XT.com support chat function. *Id.*

XT.com then purported to retroactively change the mark price formula to account for the liquidation of Wincent's positions, changing the formula on its web page with no other notice and applying a new mark price formula. *Id.* at ¶ 8. But the mark price never reached the liquidation price under either the initial mark price formula or the new formula, so XT.com should not have liquidated Wincent's positions. *Id.*

Wincent's review of the transaction history on the publicly viewable blockchain showed that immediately after Wincent sent XT.com a quantity of Tether (a cryptocurrency pegged to the value of the US dollar) as margin for Wincent's positions, XT.com sent an almost identical amount to XT.com's Binance account, and did so ***before*** it liquidated Wincent's positions on September 21, 2024. *Id.* at ¶ 9. After the liquidation, Wincent contacted Binance, who froze XT.com's account for a seven-day period, but Binance declined to freeze the account for longer or to disclose information about who controlled XT.com without a court order. *Id.* at ¶ 10.

Since then, Wincent has tried to identify the appropriate jurisdiction to commence proceedings against XT.com. *Id.* at ¶ 11. XT.com appears to be operating as an unlicensed cryptocurrency exchange and has gone through great lengths to conceal its ultimate ownership. *Id.* Wincent has conducted numerous searches and employed various measures in the attempt to identify the entity that owns and operates XT.com in Dubai, Seychelles, Singapore, and Hong Kong, but to no avail. *Id.* at ¶ 12.

  **B.**  **XT.com's Use of Binance.**

XT.com has an account with Binance, which may therefore have information that can identify the individuals or entities behind the XT.com exchange. Wincent knows that XT.com has a Binance account because Binance's legal department confirmed the fact to Wincent in July 2024. *Id.* at ¶ 13.

3

Wincent intends to seek recourse against the owners or operators of the XT.com exchange for misappropriating its funds. *Id.* Wincent cannot determine the appropriate jurisdiction for bringing an action against the owners or operators of XT.com until it identifies who and where they are. *Id.* But United States-based Binance has information regarding the identity of the owners/operators of XT.com. *Id.*

## II. ARGUMENT

### A. Legal Standard

#### a. Jurisdiction and Venue; Ex Parte Relief.

Courts have subject matter jurisdiction under 28 U.S.C. § 1331 as an application under section 1782 arises under a law of the United States. Venue is proper in under 28 U.S.C. § 1391(b) and 28 U.S.C. §1782, when discovery is sought from an entity which resides in the District in which the proceeding originates.

Further, courts within this District routinely find it "proper" to seek relief under section 1782 on an ex parte basis. *See, e.g.*, *In re Application of Habib*, 2024 WL 4692161, at *1 (S.D. Fla. Nov. 6, 2024) (collecting cases for that proposition).

#### b. Discovery Under 28 U.S.C. § 1782.

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004) ("*Intel*"); *In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007). Over time, Congress has consistently and "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Intel*, 542 U.S. at 247–48. Under § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a

4

proceeding in a foreign or international tribunal," and such "order may be made... upon the application of any interested person." *In re Application of Habib*, 2024 WL 4692161, at *1 (quoting *In re Clerici*, 481 F.3d at 1331).

Under section 1782, the following four statutory requirements must be satisfied before a district court may grant a request for judicial assistance: "(1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." *In re Clerici*, 481 F.3d at 1331 (quoting 28 U.S.C. § 1782(a)). In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252.

In deciding whether assistance is appropriate, the United States Supreme Court in *Intel* provided four factors a district court should consider when reviewing a section 1782 application: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' (2) 'the character of the proceedings underway abroad,' (3) whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies,' and (4) whether the request is 'unduly burdensome and intrusive.'" *In re Application of Habib*, 2024 WL 4692161, at *2 (quoting *Intel Corp.*, 542 U.S. at 264–65).

Unless otherwise prescribed by the Court, the discovery sought can be conducted pursuant to the Federal Rules of Civil Procedure. *See Intel*, 542 U.S. at 247–48.

Because Wincent's application satisfies the statutory requirements and the discretionary factors weigh in favor of assistance, the Court should grant its application under section 1782.

**B.     Analysis**

### a.  This Court Has Jurisdiction, and Venue is Proper.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Wincent's application arises under a law of the United States. Venue is proper in this district under 28 U.S.C. § 1391(b) and 28 U.S.C. §1782 because the entity from which discovery is sought—Binance—is located within this District. *See* McMorrow Decl. ¶¶ 14–16.

### b.  Wincent Has Satisfied 1782's Statutory Requirements.

Wincent's Application satisfies section 1782's statutory requirements.

First, a litigant in a foreign proceeding, is an "interested person" for purposes of section 1782. *Intel*, 542 U.S. at 256–57. Wincent, as a putative plaintiff, is an interested person. *See, e.g.*, *Matter of Colombo Agroindustria S.A.*, No. 2022 WL 2167719, at *2 (S.D. Fla. June 16, 2022) ("plaintiff in two planned legal proceedings in Brazil is an 'interested person' under section 1782," citing *Intel*, 542 U.S. at 256) (cleaned up); *see In re: Application of Bracha Foundation*, 663 F. App'x 755, 762 (11th Cir. 2016) (section 1782 "plainly reaches beyond the universe of persons designated 'litigant,'" quoting *Intel*, 542 U.S. at 256).

Second and third, the documents Wincent is seeking are documentary evidence "for use in a proceeding in a foreign or international tribunal." In addressing "use in a proceeding" requirement, the Supreme Court explained that "the proceeding for which discovery is sought under section 1782 must be within reasonable contemplation, but need not be 'pending' or 'imminent'." *Intel*, 542 U.S. at 243 (holding that application was proper under 28 U.S.C. §1782 even though applicant's complaint was only in the investigative stage). The Eleventh Circuit has

further held that "future proceedings must be more than speculative, however, and a district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1270 (11th Cir. 2014) (citations and quotation marks omitted). Here, Wincent intends to bring legal action against the owners and operators of XT.com once the parties have been identified. *See* McMorrow Decl. ¶ 13.

Last, the fourth statutory requirement is met because Binance, though a foreign entity, has registered to do business in the State of Florida and maintains its principal offices in Miami, which is located within the District. *See id.* at ¶¶ 14–16; *see also JAS Forwarding (USA), Inc.*, 747 F.3d at 1269 ("the application seeks discovery from JAS USA, which has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida.").

Because all four statutory requirements are met, this Court has authority to grant Wincent's request for assistance under section 1782.

### c. The *Intel* Discretionary Factors Favor Granting Wincent's Application.

The *Intel* discretionary factors also weigh in favor of granting this application under section 1782.

#### i. Binance is not a party in the foreign proceeding, and so the foreign court cannot compel it to provide discovery.

The first *Intel* factor—whether the application seeks discovery from a party that is a participant in the foreign proceeding—supports granting this application.

As the Supreme Court has explained, "nonparticipants in [a] foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United

States, may be unobtainable absent section 1782(a) aid." *Intel*, 542 U.S. at 264. Whereas, here, the proposed subpoena is directed to a financial institution located in the United States, which Wincent maintains is neither a party nor participant in the prospective proceedings against the owners and operators of XT.com, this factor weighs in Wincent's favor. *In re Application of Habib*, 2024 WL 4692161, at *3 (because proposed witnesses were banks and financial institutions that applicant maintained were not parties or participants in the foreign proceedings, the Court found the first *Intel* factor counseled in favor of granting the application). Indeed, Wincent intends to bring legal action only against the parties responsible for XT.com's misappropriation of Wincent's funds by improperly liquidating its positions, but not against Binance. *See* McMorrow Decl. ¶ 13.

### ii. There is no authoritative proof a foreign court would not reject assistance from the requested discovery.

The second *Intel* factor—the nature of the proceeding and that tribunal's receptivity to the requested discovery, *In re Pons*, 614 F. Supp. 3d 1134, 1150 (S.D. Fla. 2020)—also supports granting the application.

In examining the second *Intel* factor, courts consider "whether authoritative proof exists that a foreign court would reject evidence obtained with the aid of § 1782." *In re Application of Habib*, 2024 WL 4692161, at *3 (quoting *In re Rendon*, 2020 WL 8771274, at *5 (S.D. Fla. Nov. 5, 2020)). Wincent submits that no such proof does or can exist where Wincent does not even know what tribunal would oversee its claims against the owners or operators of XT.com because it does not know who or where they are. *In re Rendon*, 2020 WL 8771274, at *5 ("As there is no evidence that the SIC or Colombian courts would not be receptive, then 'a district court's ruling should be informed by Section 1782's overarching interest in providing equitable and efficacious procedure for the benefit of tribunals and litigants,'" quoting *In re Jagodzinski*, 2019 WL 1112389 at * (S.D. Fla. Jan. 15, 2019). Wincent submits that the second *Intel* factor therefore weighs in

8

favor of granting this application because there is no reason to believe a foreign tribunal overseeing a lawsuit by Wincent would reject information from Binance that identifies who the defendants are.

### iii. The application does not attempt to circumvent foreign proof-gathering restrictions.

The third *Intel* factor—whether the request attempts to circumvent foreign discovery restrictions or policies—also supports granting this application. Section 1782 does not require that an applicant first exhaust foreign discovery efforts, but the court may consider whether the application is a bad faith attempt to circumvent foreign proof-gathering restrictions. *See In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d 1296, 1305 (S.D. Fla. 2012) (third *Intel* factor does not counsel against relief "[a]bsent a persuasive showing that a section 1782 applicant […] is actively seeking to circumvent the foreign tribunal's discovery methods").

Here, Wincent does not know where XT.com's owners or operators may be found and sued and so is unaware of any restrictions on proof-gathering procedures in the appropriate jurisdiction. *See* McMorrow Decl. ¶¶ 11–12. Wincent requests information from Binance to identify the parties behind XT.com so it can seek relief in an appropriate jurisdiction.

### iv. The proposed subpoena is not unduly burdensome.

Finally, the fourth *Intel* factor—whether the request is unduly burdensome or intrusive—also favors Wincent because the proposed subpoena is narrowly tailored to obtain discovery that will identify the responsible parties. *In re Application of Habib*, 2024 WL 4692161, at *3 (S.D. Fla. Nov. 6, 2024) (discovery request was "narrowly tailored" as it was "limited to information regarding potential financial assets of the [d]eceased" and involved no other parties).

Here, the requested information, summarized below, is required to identify the responsible parties behind the XT.com website so Wincent can bring legal action against them. Because

XT.com has taken steps to conceal the identities of the parties that own or operate it, Wincent requests the following information from Binance:

- Request Nos. 1-3 – account profile, applications, and statements;
- Request Nos. 4-5 – payment records, support tickets and communications;
- Request Nos. 6 – IP address logs.

Wincent agrees to pay reasonable costs incurred by Binance in responding to the subpoena, further reducing any burden.

### III.     CONCLUSION

Wincent has met the statutory requirements under 28 U.S.C. § 1782 to obtain targeted discovery from Bam Trading Services, Inc. d/b/a Binance.US for use in a foreign proceeding, and the *Intel* discretionary factors also support granting this application. Wincent therefore respectfully requests that the Court grant its application for an order to allow it to serve the proposed subpoena on Binance. The proposed order uses a two-step approach in which the subpoena recipient first notifies its customer of the subpoena, allowing them an opportunity to object or seek a protective order, and then produces the information to Wincent after any objections are resolved.

Dated: March 17, 2025

Respectfully submitted,

**James M. Slater**
James M. Slater (FBN 111779)
Slater Legal PLLC
9000 Dadeland Boulevard #1500
Miami, Florida 33156
Tel. (305) 523-9023
james@slater.legal

*Attorneys for Wincent Investment Fund PCC Limited*