UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE APPLICATION OF WINCENT
INVESTMENT FUND PCC LIMITED,

     Applicant.

Case No.

## ORDER GRANTING WINCENT INVESTMENT FUND PCC LIMITED'S
## *EX PARTE* APPLICATION TO OBTAIN DISCOVERY FOR USE
## IN FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

THIS MATTER is before the Court on the application of Wincent Investment Fund PCC Limited ("Wincent") for an order pursuant 28 U.S.C. § 1782 to obtain discovery from BAM Trading Services, Inc. d/b/a Binance.US ("Binance") for use in a foreign proceeding. Having considered the application and good cause appearing, the Court hereby GRANTS the application and ORDERS that:

1.    Wincent may serve the subpoena attached to this Order on nonparty BAM Trading Services, Inc. d/b/a Binance.US.

2.    As indicated in the subpoena, Wincent may obtain the following information concerning XT.xom:

    a.    Account profiles or other documents sufficient to identify the full name, contact information, and IP addresses for the customer regarding XT.com;

    b.    Account applications or other documents used to create or make changes to each account associated with XT.com;

    c.    Account statements for each account associated with XT.com;

    d. Payment records for each account associated with XT.com, including documents that identify the account or other source from which the payment was made;

    e. Communications sent to or from the customer associated with XT.com, including account set-up correspondence and technical support tickets; and

    f. Logs or other documents sufficient to identify each IP address that accessed the account associated with XT.com, including a date and time stamp for each instance of access.

3.     Wincent and Binance shall adhere to the following schedule when producing the information requested in the subpoena (the "Discovery"):

    a. Wincent must immediately serve its subpoena and a copy of this order (collectively, the "Order") on Binance;

    b. Within seven days of being served with the Order, Binance must serve a copy of the Order on its customer. Service may be accomplished by any reasonable means, including written notice sent by first-class mail to the customer's last known address or by email to the customer's last known email address;

    c. Binance and its customers may contest Wincent's subpoena by filing an appropriate motion with this Court. Any such motion must be filed with this Court no later than 14 days after the customer is served with the Order. Binance may not produce the Discovery to Wincent before the expiration of this 14-day time period. In addition, if the customer files a motion contesting Wincent's subpoena, Binance must not produce the Discovery pertaining to that customer until after the motion is resolved by the Court. If the 14-day time period expires

without a motion being filed, Binance will have 7 days from the expiration of the 14-day period to produce the Discovery to Wincent.

DONE AND ORDERED in Chambers at Miami, Florida this _____ day of _____, 2025.

_____

United States District Judge

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Wincent Investment Fund PCC Limited | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           BAM Trading Services, Inc. c/o Corporation Service Company
1201 Hays Street, Tallahassee, Florida 32301

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1.

| Place: Slater Legal PLLC | Date and Time: |
|---|---|
| 9000 Dadeland Blvd #1500 Miami, FL 33156 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|                   *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Wincent Investment Fund PCC Limited _____ , who issues or requests this subpoena, are:

James Slater, Slater Legal PLLC, 9000 Dadeland Blvd #1500, Miami, FL 33156, james@slater.legal, (305) 523-9023

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**
**DOCUMENTS TO BE PRODUCED**

**<u>Definitions</u>**

1.     **Binance Account.**  "Binance Account" means the account associated with the website XT.com.

2.     **Customer.**  "Customer" means the person or entity assigned or otherwise responsible for the account associated with the website XT.com.

**<u>Requests for Production, Inspection & Copying</u>**

1.     Account profiles or other documents sufficient to identify the full name, contact information, and IP addresses for the Customer assigned the Binance Account.

2.     Account applications or other documents used to create or make changes to each account associated with the Customer and/or the Binance Account.

3.     Account statements for each account associated with the Customer assigned the Binance Account.

4.     Payment records for each account associated with the Customer assigned the Binance Account, including documents that identify the account or other sources from which payment was made.

5.     Communications sent to or from the Customer assigned the Binance Account, including account set-up correspondence and technical support tickets.

6.     Log or other documents sufficient to identity each IP address that accessed the Binance Account, including a date and time stamp for each instance of access.